IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BOBBY SENORIS THOMPSON**                                                        **PLAINTIFF**

v.                                                            **No. 1:20CV140-NBB-JMV**

**LEE COUNTY, ET AL.**                                                        **DEFENDANTS**

**Consolidated With**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BOBBY SENORIS THOMPSON**                                                       **PLAINTIFF**

v.                                                            **No. 1:20CV215-NBB-JMV**

**LEE COUNTY**                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Bobby Senoris Thompson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants provided inadequate medical care during his intermittent incarceration at the Lee County Jail by failing to consistently provide his medications and failing to implement adequate precautions against infection by the COVID-19 virus. The defendants have moved [87-lead case], [54-companion case] for summary judgment; the plaintiff has responded,

and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion [87-lead case], [54-companion case] will be granted, and judgment will be entered in favor of the defendants in all respects.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not

lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

Between the two consolidated complaints, Bobby Thompson complains about: (1) administration of medication, and (2) COVID-19 precautions taken by the Lee County Detention Center ("LCDC").

### Administration of Medication

Mr. Thompson was arrested and released six times over a fourteen-month period in 2019 and 2020. His complaint against Lee County and Nurse Judy generally alleges that either he had to pay for his medications, his medications were not ordered and received before he bonded out, or when he bonded out, he failed to retrieve his medications – or when he failed to retrieve his medication, he complains that the Lee County Detention Center did not maintain these medications for him for when he returned on his next arrest. Exh. A, Complaint-140, ¶ V.

Mr. Thompson was arrested May 18, 2019, (Exh. C[1], Arrest records, Lee County – Thompson 00063), and bonded out the following day. Exh, C, Arrest records, Lee County – Thompson 00075. Thompson was arrested again three days later on May 21, 2019, and released after a few days. Exh. C, Arrest records, Lee County – Thompson 00079. Mr. Thompson does not complain about lack of his medications during these two short stints at the LCDC.

He was arrested again September 12, 2019. Exh. C, Arrest Records, Lee County – Thompson 00090. As Thompson alleged in the Complaint, he was required to pay for his medications during his stay, and he paid for them nine days later on September 21, 2019. Exh. A, Complaint-140, ¶ V. Medical staff then ordered the medications. When Thompson inquired about the medications, staff informed him that the nurse had ordered them and that LCDC was waiting for them. Exh. D, Jail Communication Records, Lee County-Thompson 00032. Mr. Thompson bonded out on September 25, 2019, four days after paying for the medication. Exh. C, Arrest Records, Lee County – Thompson 00090. He Thompson was arrested again on October 29, 2019, and held without bond. Exh. C, Arrest Records, Lee County – Thompson 00127.

Between November 4, 2019, and his release on December 6, 2019, Mr. Thompson and Nurse Judy communicated regarding his medical needs. She called Thompson's family to get his medications, which they delivered to the LCDC (although not all the medications or the amounts he wanted). Nurse Judy even set up an appointment for Thompson on December 5, 2019, with his Nurse Practitioner, Becky Dorough, in an attempt for him to get newly prescribed medications. Exh. D, Jail

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the defendants' motion for summary judgment.

Communication Records, Lee County-Thompson 00054-61; Exh. E, Medical Records, Lee County – Thompson 00006; and Exh. F, December 5, 2019, Thompson Medical Records.

     Nurse Judy assisted Mr. Thompson in obtaining his medications for free. He returned to the LCDC when arrested on March 5, 2020, and he bonded out ten days later on March 15, 2020. Exh. C, Arrest Records, Lee County – Thompson 00158. He was arrested again June 2, 2020, and remained at the LCDC until he was released to MDOC on December 28, 2020. Exh. C, Arrest Records, Lee County – Thompson 00196. Mr. Thompson does not complain about his last stay in LCDC; however, he was taken again to his Nurse Practitioner on July 7, 2020. She talked to "Judy, the nurse for the jail" who needed "updated labs from today's visit to send to Jackson to get his medication for free." Exh. G., July 7, 2020, Thompson Medical Record. Finally, the only injury Mr. Thompson has alleged regarding his medical care is a pea-sized swelling of a lymph node in his neck. However, he also stated "I don't know what physical damages have occurred inside my body, …." He has not alleged any lingering effects from the slightly swollen lymph node. Exh. A, Complaint-140, ¶ V.

### Covid-19 Precautions

     Bobby Thompson's second complaint simply criticizes the COVID-19 safety measures used by LCDC. Exh. B, Complaint-215. Mr. Thompson, however, never tested positive for COVID-19; he tested "negative." Exhibit H, Negative COVID-19 Test. He has alleged no injury arising out of the jail's COVID-19 precautions.

### Denial of Medical Treatment

     In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment

. . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs.

*Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

"Deliberate indifference is not established when medical records indicate that [the plaintiff] was afforded extensive medical care by prison officials." *Brauner v. Coody*, 793 F.3d 493, 500 (5th Cir. 2015). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired or the prisoner's disagreement with the treatment. *Id.*; *Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007). To meet his burden in establishing deliberate indifference on the part of medical staff, the plaintiff "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brauner*, 793 F.3d at 498.

The medical staff at LCDC, including Nurse Judy, provided Mr. Thompson with basic medical care and assisted him in obtaining his medications for free. Based on Mr. Thompson's allegations, there was a 61-day delay in receiving his HIV medications. Sixty-one days appears to be a significant delay; however, Mr. Thompson has alleged only *de minimis* injury arising out of the care given (a slightly swollen lymph node). Medical staff also tested him for COVID-19 during his incarceration, and he tested negative. In a nutshell, Mr. Thompson alleges that, despite Nurse Judy's efforts, she was unable to quickly obtain his medications, which required assistance from his family, government benefit programs, and other third parties beyond the defendants' control. Nothing in the record shows that the Lee County jailors refused to treat Thompson, ignored his complaints, treated him incorrectly, or wantonly disregarded his serious medical needs. The intermittent nature of Mr.

Thompson's incarceration, as well as the complexity of procuring his medications, delayed his treatment for HIV; however, he suffered only *de minimis* injury from the delay.

In addition, a *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In this case, Mr. Thompson has alleged only a slightly swollen lymph node from the medical treatment he received during his stay at the Lee County Detention Center. This injury is *de minimis*, and he cannot recover psychological or emotional damages based on that injury.

## Conclusion

For the reasons set forth above, the defendants' motion [87-lead case], [54-companion case] for summary judgment will be granted, and judgment will be entered for the defendants in all respects. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of January, 2022.

                                                /s/ Neal Biggers
                                                NEAL B. BIGGERS
                                                SENIOR U. S. DISTRICT JUDGE